IDEAL INDUSTRIES, INC., Plaintiff,

v.

GARDNER BENDER, INC., Defendant.

Civ. A. No. 76–C–317.

United States District Court, E.D. Wisconsin.

June 8, 1983.

---

Maurice J. McSweeney, Milwaukee, Wis., and Alfred H. Plyer, Jr., Chicago, Ill., for plaintiff.

James R. Custin, James E. Nilles, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

On November 2, 1982, Ideal Industries, Inc. ("Ideal") brought a motion for an order finding Gardner Bender, Inc. ("Gardner") in contempt of this Court's July 16, 1982 "Consent Order" enjoining Gardner from using or infringing upon Ideal's 71B trademarks and trade dress in Gardner's new catalogue sheets. The motion was based, first, upon Gardner's failure to send a letter explaining the Consent Order to all of its distributors, representatives, and customers as ordered by this Court. Second, Ideal argued that Gardner's new catalogue sheets still were not "markedly different" from Ideals and thus in violation of the injunction.

Gardner responded on December 3, 1982, asserting that the required letter was sent in full compliance with the Court's Order and that Gardner's current catalogue did not infringe upon Ideal's trademarks. Further, Gardner pressed a counter-motion advancing the argument that Gardner is entitled to the costs and expenses, including a reasonable attorneys' fee, incurred in opposing Ideal's contempt motion Gardner contends that Ideal's motion was wholly lacking in merit and was brought in abuse of process for the purpose of harassing Gardner, competing unfairly with Gardner, and ultimately driving Gardner out of the wire connector business.

On May 13, 1983, in a letter to the Court, Ideal withdrew its contempt motion. Ideal had undertaken an extensive survey of the field and through substantial discovery had "confirmed that there is no one who can testify that [the required] letter was actually sent and that there are large numbers of Gardner's customers who never got the letter." May 13, 1983 Letter from Ideal to the Court. Nevertheless, the motion was withdrawn because Gardner's response revealed some evidence that it did send such a letter, and because Ideal's counsel believed the record was not strong enough to pursue the motion further. Gardner argues that this voluntary withdrawal confirms the meritlessness of the motion and, when viewed with evidence of Ideal's campaign of harassment, compels a finding of bad faith.

I deny Gardner's motion for expenses and attorneys' fees. Ideal's suspicion that Gardner, for a second time, was attempting to skirt the orders of this Court was more than reasonable. Its survey of the field was sufficiently credible to justify a reasonable belief that it might be entitled to a second contempt order against Gardner. I am not persuaded by Gardner's effort to demonstrate a nationwide scheme employed by Ideal in furtherance of unfair competition. Ideal's reasonable belief in the merits of its motion at the time it was filed is enough to defeat Gardner's request for fees. To hold otherwise would encourage litigants to cling tenaciously to tenuous claims without reassessing the strength of their cause.

THEREFORE, IT IS ORDERED that Gardner Bender's motion for costs and expenses, including attorneys' fees, incurred in opposing Ideal Industries' contempt motion is denied.